```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

```
KENNETH JOHNSON,               )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 2:15-CV-54
                               )
BOILERMAKERS LOCAL #374,       )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Case filed by the plaintiff, Kenneth Johnson, on November 16, 2016. (DE #33.)  For the reasons set forth below, the motion **REMAINS UNDER ADVISEMENT**.  The plaintiff, Kenneth Johnson, is **ORDERED** to inform the Court, **in writing by July 18, 2017**, whether he wishes to: (1) withdraw his motion to dismiss, in which instance he must be prepared to immediately and actively prosecute his case; or (2) proceed with voluntarily dismissing his case, knowing that such dismissal will be with prejudice.  The plaintiff, Kenneth Johnson, is **CAUTIONED** that if he does not respond by the deadline, this case will be dismissed with prejudice without further warning.

BACKGROUND

The plaintiff, Kenneth Johnson ("Plaintiff"), filed a *pro se* employment discrimination complaint against the defendant,

Boilermakers Local #374 ("Defendant"), on February 2, 2015; the complaint was assigned cause number 2:15-CV-54. On January 15, 2016, Plaintiff filed another complaint against Defendant which was assigned cause number 2:16-CV-19. Both complaints were brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-5, as amended, and The Age Discrimination in Employment Act, 29 U.S.C. section 621. Plaintiff attached a Dismissal and Notice of Rights ("Notice") from the Equal Employment Opportunity Commission ("EEOC") to each complaint; the first Notice was issued on November 18, 2014, and the second Notice was issued on December 10, 2015. Both Notices state:

> **Title VII . . . [and] the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.

(Cause no. 2:15-CV-54, DE #1, p. 5; Cause No. 2:16-CV-19, DE #1, p. 5.) On March 16, 2016, Magistrate Judge John E. Martin ("Judge Martin") ordered the consolidation of the two cause numbers and directed that all future filings be made in cause number 2:15-CV-54 only.

On September 16, 2016, Defendant filed a motion entitled "Defendant's Verified Fed. R. Civ. P. Rule 37(a)(3)(B) and (b)(2)(A) Motion to Compel Plaintiff Kenneth Johnson to Produce

2

Initial Disclosures and to Impose Sanctions on the Plaintiff or to Dismiss the Case for Want of Prosecution." In it, Defendant argued that the Court should compel Plaintiff to produce his initial disclosures and impose sanctions on him for not doing so sooner; alternatively, Defendant asked for dismissal of the lawsuit with prejudice for failure to comply with Court ordered discovery.

On November 9, 2016, Judge Martin held a Show Cause Hearing on the question of whether Plaintiff should be sanctioned for his failure to comply with the Court's discovery schedule. In an order memorializing the details of the hearing, Judge Martin indicated that he had found cause shown, so he had imposed no sanctions. At Plaintiff's request, Judge Martin granted Plaintiff leave to file a motion to dismiss the case without prejudice, on or before November 17, 2016, and ordered Defendant to respond to it on or before November 30, 2016. Additionally, because Defendant objected to dismissal without prejudice but had failed to follow Local Rule 7-1(a) when filing its previous motion, Judge Martin ordered Defendant to re-file its motion to dismiss with prejudice as a separate motion by November 17, 2016, and granted Plaintiff until November 30, 2016, to respond.

On November 16, 2016, Plaintiff filed the instant motion to dismiss. In it, he requests that the case be dismissed without prejudice because he does not have the funds to retain legal counsel, because if or when he does retain counsel, such counsel

3

will need time to review and prepare the case, and because he needs additional time to find better employment. Defendant filed a response on November 30, 2016, arguing that the motion should be denied because "[i]t will serve no useful purpose to permit Plaintiff to dismiss his case without prejudice because of the requirements of Title VII and its 90-day period for filing a lawsuit after the receipt of the Notice of Suit Rights." (DE #34, p. 3.) Defendant asks the Court to deny Plaintiff's motion to dismiss without prejudice and instead dismiss the case with prejudice. Plaintiff did not file a reply.

Despite being ordered by Judge Martin to re-file its own motion to dismiss with prejudice as a separate motion, Defendant chose to simply "incorporate" the motion into its response brief via a footnote. (See DE #34, p. 2, n. 4.)

ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides that an "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise stated, such dismissal is without prejudice. *Id*. The Seventh Circuit has delineated several factors for a district court to consider when determining whether a plaintiff's motion for voluntary dismissal should be denied, including "the defendant's effort and expense of preparation for

trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Rather than being mandatory, however, the factors are simply a guide for the trial court judge, with whom discretion ultimately rests, to consider. *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (citation omitted).

Looking at the instant case, it would appear that the factors weigh in favor of dismissal. The action has not progressed beyond the initial disclosure phase of discovery, so it is highly unlikely that Defendant has expended significant effort and expense in preparation for trial. Similarly, no motion for summary judgment has been filed. While it is true that Plaintiff has been less than diligent in prosecuting his case, Judge Martin found good cause shown for Plaintiff's failure to comply with the Court's scheduling orders and declined to impose sanctions. And, although Plaintiff's explanation for desiring dismissal is not lengthy, the fact that he

trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Rather than being mandatory, however, the factors are simply a guide for the trial court judge, with whom discretion ultimately rests, to consider. *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (citation omitted).

Looking at the instant case, it would appear that the factors weigh in favor of dismissal. The action has not progressed beyond the initial disclosure phase of discovery, so it is highly unlikely that Defendant has expended significant effort and expense in preparation for trial. Similarly, no motion for summary judgment has been filed. While it is true that Plaintiff has been less than diligent in prosecuting his case, Judge Martin found good cause shown for Plaintiff's failure to comply with the Court's scheduling orders and declined to impose sanctions. And, although Plaintiff's explanation for desiring dismissal is not lengthy, the fact that he

wishes to hire an attorney to help with his case but currently lacks the financial means to do so is persuasive.

However, that said, Defendant is correct in pointing out that the ninety day filing requirement in employment discrimination cases presents a problem. See 42 U.S.C. § 2000e-5(f)(1). As noted by the Seventh Circuit:

> When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously. It is not reset by the filing and dismissal as it is in some states (including Illinois), which allow litigants a period to re-file after a dismissal. In federal practice, by contrast, when a suit is dismissed, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.

*Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971-72 (7th Cir. 2011) (internal quotation marks and citation omitted). Because statutes of limitations confer rights on defendants, district court judges do not have the authority to extend such limitations periods either directly or indirectly by providing additional time to re-file a dismissed suit. *Id.* at 972.

Here, the ninety day filing requirements triggered by the Notices dated November 18, 2014, and December 10, 2015, has long since passed. Should this suit be dismissed without prejudice, the reality is that it will be far too late for Plaintiff to file a new

lawsuit at this point unless he can somehow persuasively argue that the doctrine of equitable tolling should apply, which is highly unlikely in these circumstances. As such, the Court agrees with Defendant that a dismissal with prejudice is more appropriate than a dismissal without prejudice in this particular instance.

Although not mentioned by Defendant, "a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Thus, the Court will allow Plaintiff to move to withdraw his motion should he so choose. If Plaintiff does wish to proceed with this case, he must be fully prepared to engage in active prosecution of it; any additional delays or missed deadlines will be looked upon with extreme disfavor.

CONCLUSION

For the reasons set forth above, the motion **REMAINS UNDER ADVISEMENT**. Plaintiff is **ORDERED** to inform the Court, **in writing by July 18, 2017**, whether he wishes to: (1) withdraw his motion to dismiss, in which instance he must be prepared to immediately and actively prosecute his case; or (2) proceed with voluntarily dismissing his case, knowing that such dismissal will be with prejudice. Plaintiff is **CAUTIONED** that if he does not respond by

7

the deadline, this case will be dismissed with prejudice without further warning.

**DATED: June 27, 2017**          **/s/RUDY LOZANO, Judge**
                                   **United States District Court**